**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 9, 2016[*]
Decided November 10, 2016

**Before**

DIANE P. WOOD, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 16-1908

| | |
|---|---|
| DEBRA A. FOSTER,<br>    *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| | No. 13 C 04690 |
| CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br>    *Defendant-Appellee*. | Geraldine Soat Brown,<br>*Magistrate Judge*. |

**O R D E R**

In this employment-discrimination suit, Debra Foster appeals from the grant of summary judgment for her former employer, the Social Security Administration. Foster asserted that she was subjected to disparate treatment and a hostile work environment because of her race, gender, and disability, see 42 U.S.C. § 2000e (Title VII) and 29 U.S.C. § 791 (the Rehabilitation Act), and that she suffered retaliation for complaining to a

---

[*] We have unanimously agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. See FED. R. APP. P. 34(a)(2)(C).

training coordinator about an instructor and for filing an EEO complaint. The magistrate judge determined that no reasonable jury could find in her favor on any of her claims. We affirm.

The following description of events is taken largely from the agency's statement of material facts, which Foster failed to counter in the manner required by Northern District of Illinois Local Rule 56.1(b)(3) and which the district court properly deemed undisputed for the purposes of summary judgment. See *Boss v. Castro*, 816 F.3d 910, 914 (7th Cir. 2016). Foster, an African-American woman, was hired in 2010 by the Social Security Administration as a Claims Authorizer through the "Ticket to Work" program for individuals with disabilities. Foster testified that she was diagnosed with depression more than 30 years ago and previously received disability benefits for it. At SSA, only a human-resources employee knew that she had a disability.

Foster believed that the agency discriminated against her by giving her poor training and mentoring. In her view the initial training received by all new hires was deficient, and others in her training class received more instructor attention. She also thought that the agency did not properly accommodate her multiple requests for more refresher training—on top of the one-on-one case assistance she had received from her assigned mentors as well as two months of prior refresher training that she had requested and received. In her first year, she twice requested and received a new mentor; she believed that her mentors had graded her harshly, took too long to return her work, and did not communicate effectively.

Foster also disputed her negative performance evaluations, which, she believed, were discriminatory and reflected a hostile work environment. Most of her reviews highlighted her difficulties performing the work. Foster did receive the highest rating on her first annual performance review, but that review also pointed out that she struggled working on cases independently, rushed to meet productivity goals, and had not progressed enough. Foster blamed insufficient training for these shortcomings.

Foster also asserted retaliation after she told a training coordinator of a comment that her instructor had made about the Obama administration. The instructor, she said, thereafter would not let her take a makeup test and graded her unfairly. She also believed that she was mistreated after filing her EEO complaint; her mentors took longer to return her work, and she received negative evaluations.

A magistrate judge, presiding by consent, see 28 U.S.C. § 636(c)(1), granted summary judgment in favor of the agency. The magistrate judge determined that Foster's discrimination and retaliation claims failed because she could not show that she suffered any material adverse employment action, an essential element for a prima facie case for both claims. Her disability-discrimination claim also failed because she presented no evidence that any of her supervisors or mentors knew about her disability. Nor did she produce evidence that SSA had subjected her to harassment that was sufficiently severe or pervasive to suggest a hostile work environment.

On appeal Foster has submitted a brief that essentially raises the same arguments that she raised in the district court. But she has failed to develop any argument that would provide a basis to disturb the judgment. See FED. R. APP. P. 28(a)(8). We have reviewed the record and considered all of Foster's arguments, and we AFFIRM for substantially the same reasons stated by the district court.